IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FREDA A. HERSHBERGER                                                                    PLAINTIFF

v.                                      No. 1:15–CV–101-DPM-BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                          DEFENDANT

## Recommended Disposition

**Instructions**.  The following recommended disposition was prepared for Judge D.P. Marshall.  Either party to this dispute may file written objections to this recommendation.  Objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Marshall may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Background**.  Freda A. Hershberger seeks judicial review of the denial of her second application for supplemental security income (SSI).[3]  Ms. Hershberger alleged disability beginning October of 2005.  She based disability on fibromyalgia and post traumatic stress disorder.[4]

**The Commissioner's decision**.  SSI is not payable prior to the application date,[5] so the Commissioner's ALJ considered whether Ms. Hershberger was disabled beginning September 5, 2012, the date of her application.

The ALJ identified fibromyalgia and anxiety as severe impairments.[6]  The ALJ determined that her impairments limited Ms. Hershberger to unskilled, light work.[7]  The ALJ questioned a vocational expert, determined work existed that Ms. Hershberger could do, and denied the application.[8]

After the Commissioner's Appeals Council denied a request for review,[9] the

---

[3]SSA record at p. 140 (applying for SSI on Sept. 5, 2012 and alleging disability beginning Oct. 27, 2005) & p. 31 (indicating application filed on June 14, 2005 was denied on Aug. 1, 2005).

[4]*Id*. at p. 165.

[5]*See* 20 C.F.R. § 416.335; *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

[6]SSA record at p. 11.

[7]*Id*. at p. 13.

[8]*Id*. at p. 20.

[9]*Id*. at p. 1.

decision became a final decision for judicial review.[10]  Ms. Hershberger filed this case to challenge the decision.[11]  This recommendation explains why the court should affirm the decision.

**Ms. Hershberger's allegations**.  Ms. Hershberger contends that the ALJ failed to consider the combined effect of her impairments.  She argues that substantial evidence does not support the decision.[12]

**Applicable legal principles**.  The court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13]  Substantial evidence means that a reasonable mind would deem the evidence adequate to show that Ms. Hershberger could do some light, unskilled work.

"Light work involves lifting no more than 20 pounds at a time with frequent

---

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]Docket entry # 10.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

lifting or carrying of objects weighing up to 10 pounds."[14]  In addition to these limits, the ALJ included further restrictions for Ms. Hershberger, including limits on bending, crouching, and climbing.[15]

A reasonable mind would accept the evidence as adequate for the following reasons:

> 1. **Medical evidence established no disabling physical symptoms**.  A claimant must prove disability with medical evidence; allegations are not enough.[16]  Ms. Hershberger provided years of medical evidence, but most of it preceded the time period covered in this application.

---

[14]20 C.F.R. § 416.967(b).

[15]SSA record at p. 13.

[16]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. § 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

Early evidence showed a diagnosis of fibromyalgia at age 19.[17]  At that time, Ms. Hershberger was a stay-at-home mother.  She saw a rheumatologist regularly.[18]  The rheumatologist prescribed medication and aquatic exercise to control fibromyalgia symptoms, but documented no functional limitations.  At Ms. Hershberger's most recent visit — at age 26 — the rheumatologist's exam was normal, except for tenderness in peripheral joints.[19]

Medical evidence for the time period for which benefits were denied documented a medical visit for sinus congestion.[20]  This evidence established no disabling symptoms.  According to agency medical experts, Ms. Hershberger could do light work involving occasional postural functions.

2.  **Medical evidence established no disabling mental symptoms.**  At age 22, the rheumatologist diagnosed anxiety disorder and prescribed psychotropic medication.[21]  Ms. Hershberger stopped taking the medication when she became pregnant with her third child.[22]

At age 27, Ms. Hershberger underwent an agency mental diagnostic

---

[17]SSA record at p. 378.

[18]*Id*. at p. 370 (Dec. 14, 2005), p. 369 (Jan. 5, 2006), p. 368 (Feb. 22, 2006), p. 366 (Nov. 22, 2006), p. 364 (Feb. 12, 2007), p. 363 (June 4, 2007), p. 362 (July 25, 2007), p. 361 (Aug. 15, 2007), p. 360 (Jan 24, 2008), p. 359 (Feb. 4, 2008), p. 357 (Aug. 25, 2009), p. 356 (Dec. 29, 2009), p. 355 (Sept. 16, 2010) & p. 354 (Mar. 17, 2011).

[19]*Id*. at p. 227.

[20]*Id*. at p. 478.

[21]*Id*. at p. 359.

[22]*Id*. at p. 168.

exam.[23] She reported avoiding social groups to reduce anxiety triggers.[24] According to the examiner, Hershberger could cope with the mental demands of basic work tasks and sustain concentration on basic tasks.[25]

Ten months later, Ms. Hershberger's attorney sent her for a mental diagnostic exam.[26] Ms. Hershberger stated that her anxiety worsened when she divorced; she had not taken medication for nearly two years due to financial constraints.[27] According to the examiner, anxiety would have negatively affected the ability to work; inattentiveness would have interfered with concentration for extended periods of time and made it difficult to carry out detailed instructions.[28]

The examiner opined that Ms. Hershberger had a "limited but satisfactory" ability to carry out very short and simple instructions, complete a normal workday, and interact with the general public.[29] These limitations would not preclude all work. The disabling reported limitation related to absenteeism. The examiner indicated that impairment or treatment would result in missing four workdays per month.[30] The ALJ discounted the limitation because it was based on subjective reports.

Despite reported limitations, the examiner felt that Ms. Hershberger

---

[23]*Id*. at p. 234.

[24]*Id*. at p. 240.

[25]*Id*.

[26]*Id*. at p. 272.

[27]*Id*. at p. 274.

[28]*Id*. at p. 278.

[29]*Id*. at pp. 280-81.

[30]*Id*. at p. 282.

would be able to work within six months with mental health treatment.[31] The prognosis was probative of the claim, because it indicated treatment would control mental symptoms; and symptoms that can be controlled with treatment are not disabling.[32]

3. **The ALJ's limitations reflect consideration of physical and mental impairments**. "A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations…."[33] Ms. Hershberger claims the ALJ failed to consider the combined effects of her impairments, but the ALJ's decision refutes that contention. The reduction to light work and the exclusion of frequent bending, crouching or climbing[34] reflect a consideration of fibromyalgia.

The requirement for unskilled work — work involving incidental interpersonal contact, tasks with few variables learned and performed by rote, little independent judgment, no contact with general public, and simple, direct, concrete supervision[35] — reflect consideration of inattentiveness, difficulty with detailed tasks, and social anxiety.

4. **Vocational evidence supports the decision**. After determining that Ms. Hershberger lacked past relevant work, the ALJ questioned a vocational expert about available work for a person with Ms. Hershberger's limitations. The vocational expert identified cleaner/polisher and small-parts packer as available unskilled, light jobs.[36] The availability of jobs showed that work existed that Ms. Hershberger could do, regardless of whether such work existed where she lived,

---

[31]*Id.* at p. 278.

[32]*Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004); *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[33]*McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011).

[34]SSA record at p. 13.

[35]*Id.*

[36]*Id.* at p. 49.

whether a job vacancy existed, or whether she would have been hired if she applied for work.[37] The ALJ properly denied the application.

**Conclusion and Recommended Disposition**.  A reasonable mind would accept the evidence here as adequate to support the decision.  The ALJ made no harmful legal error.  For these reasons, Ms. Hershberger's appeal (docket entry # 2) should be DENIED and the Commissioner's decision AFFIRMED.

Dated this 29th day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[37] 42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability law).